WILSON *v.* KING, et al.

No. 39820          December 12, 1955          83 So. 2d 767

*Floyd P. Smith,* Prentiss; *Karl W. Kepper,* Hattiesburg, for appellant.

*E. L. & W. W. Dent,* Collins, for appellees.

McGEHEE, C. J.

The appellant Manuel Wilson, as the undisputed owner of an 80-acre tract of land in Section 20, Township 7 North, Range 17 West in Jefferson Davis County, filed a bill of complaint against the appellees G. C. King and Fred Berry, who each own an adjacent 40-acre tract of land immediately south of the eighty acres belonging to the complainant, and seeks to have himself declared the owner by reason of alleged adverse possession of a strip of land 106 feet wide off the north side of the lands of the defendants.

The strip of land in controversy has been woodland throughout the period during which the adverse possession thereof is claimed on behalf of the complainant. The trial court held on conflicting evidence that the proof as to adverse possession was insufficient to sus-

tain the allegations of the bill of complaint. The court established as the boundary line between the lands of the complainant and defendants a line which separated the governmental subdivisions owned by the complainant to the north and those owned by the defendants on the south according to the testimony of two competent surveyors, whose surveys were according to the government field notes and who used as a starting point a well-recognized and clearly established government corner at the northwest corner of said Section 20, as pointed out to one of the surveyors by the complainant.

The overwhelming weight of the testimony sustained the finding of the chancellor as to the location of the true line between the lands of the complainant and those of the defendants. Moreover, there was ample testimony to warrant the finding that the complainant had not met the burden of proof of showing adverse possession for the time required by law of the strip of land in controversy. Typical of his statements as to his alleged adverse possession of the disputed area, the complainant was asked if he had used it, and his reply was: ''Not anything more than getting pine and sometimes I would cut a house log. * * * I cut a log or two off it.''

The proof on behalf of the defendants disclosed that they and their predecessors in title made about as much use of the land as did the complainant, and that the old fence to which the complainant claimed on the lands of the defendants was not on any land line but was a ''wobbling'' and ''zigzagging'' fence erected for the purpose of keeping the complainants cattle out of the field to the south thereof, and that neither of the parties had known for several years the location of the boundary line between their respective properties. Then too, there was ample testimony to show that the defendants had no knowledge that the complainant was claiming this

old fence to be the line until shortly before this suit was filed.

In other words, this is another land-line suit where the amended bill of complaint recognizes that the strip of land in question is off the north side of the governmental subdivisions owned by the defendants, and where the complainant has failed, according to the finding of the chancellor on conflicting evidence, to sustain his claim of adverse possession thereto. The rule is too well-settled to necessitate again citing the cases, that this Court will not reverse the findings of a chancellor on disputed issues of fact unless his decision is manifestly wrong. A careful reading of this nearly 500-page record clearly discloses that the decree appealed from was amply warranted by the testimony.

The decree of the trial court dismissing the bill of complaint must therefore be affirmed.

Affirmed.

*Hall, Kyle, Arrington* and *Gillespie,* JJ., Concur.